## KOZLOWSKI v CLEVELAND RY CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13233.    Decided Dec 4, 1933

Charles Auerbach, Cleveland, and Wm. F. Marsteller, Cleveland, for plaintiff in error.

Squire, Sanders & Dempsey, Cleveland, for defendant in error.

## OPINION

By McGILL, J.

From the record, the briefs and arguments of counsel, it can be said that on the trial the defendant admitted a negligent act on the part of defendant company to-wit, that the car started while the door was open before the conductor signalled the motorman to go.    Defendant denied that the alleged injuries resulted from its negligence, or that the plaintiff sustained any injuries as a result of said negligent act.

In the general charge the court charged, inter alia, as follows:

"I will, in passing, merely define negligence, because liability in this case is ad-

mitted, and go to my second point. Negligence means the want of ordinary care. It is the failure to exercise that degree of care which persons of ordinary care and prudence would exercise under like and similar circumstances in any given situation. In this case, as I said, the defendant being a common carrier is required to exercise the highest degree of care consistent with the practical operation of its business toward its passengers, the plaintiff being a passenger. Now, in this case, the defendant concedes liability; that being the situation, we go to a consideration of the second point, which is the question of damages. * * * Now to make out her case she must not only show the negligence which is admitted, but she must show that the injuries, if any, which she sustained were caused as the proximate result of the negligence of the defendant."

Just what the court meant by saying that the plaintiff "must not only show the negligence which is admitted" is difficult to determine. If the negligence was conceded, clearly it was not incumbent upon plaintiff to show it. Suffice it to say that this part of the charge would tend to confuse and mislead the jury and is prejudicial to plaintiff's rights.

Again, in the general charge, the court said:
"The real question for your consideration, ladies and gentlemen, is this: Was this accident upon the street car the cause of her having a hemorrhage if she did have one?"

It is to be noted that the record shows that this hemorrhage did not occur until approximately three weeks after the alleged injuries were sustained.

It is further to be observed that the second amended petition alleges and the proof tends to show that the plaintiff sustained other injuries of a less serious character. In stating to the jury that the real question was whether or not the accident caused a hemorrhage, the jury may have been led to believe that the other injuries were eliminated. Certainly the effect of this charge was to minimize unduly the claims of the plaintiff as to the other injuries. The jury, had it not been for this statement of the court, might have found that the hemorrhage was not caused by the accident, but that the plaintiff did sustain, as a direct result of defendant's negligence, other injuries of a lesser nature. We think that in using the above quoted language the court singled out the greater injury claimed and by so doing greatly minimized the lesser injuries and that this was prejudicial error.

For these reasons the judgment is reversed and the cause remanded for further proceedings.

LIEGHLEY, PJ, and LEVINE, J, concur in judgment.